UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00098-GNS-HBB

BLENDA L.[1]                                                                                                         PLAINTIFF

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security Administration[2]                                                DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 16) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 15). The matter is ripe for adjudication.

**I.      STATEMENT OF FACTS AND CLAIMS**

In August 2021, Plaintiff Blenda L. ("Plaintiff") protectively filed an application for disability insurance benefits. (Administrative R. 11, 183-89, DN 6 [hereinafter R.]). The application was denied at the initial and reconsideration stages. (R. 11, 63, 70, 104-05). Thereafter, Plaintiff was granted a hearing before Administrative Law Judge William C. Zuber ("ALJ"), which was held telephonically on September 12, 2022. (R. 11, 34).

On December 19, 2022, the ALJ issued an unfavorable decision, utilizing the five-step sequential process, concluding Plaintiff was not disabled from August 15, 2015, through December 31, 2020, which was the date last insured. (R. 13, 19). First, the ALJ noted that Plaintiff had not engaged in any substantial gainful activity since the claimed onset date of

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
[2] On December 20, 2023, Martin J. O'Malley ("O'Malley") was sworn in as Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1), O'Malley is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant in this action. *See* Fed. R. Civ. P. 25(d) (a public officer's successor is automatically substituted as a party).

August 1, 2015. (R. 14). Next, the ALJ opined that Plaintiff had the severe impairments of coronary artery disease, hypertension, degenerative joint disease of the left shoulder, degenerative disc disease of the cervical spine, diabetes mellitus, and neuropathy. (R. 14). The ALJ also noted that Plaintiff had several medical conditions that were non-severe impairments, consisting of gastroesophageal reflux disease, gastritis, duodenitis, and carpal tunnel syndrome. (R. 14). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in Appendix 1. (R. 14).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work and that she can: frequently climb ramps or stairs; occasionally climb ladders, ropes, and scaffolds, and tolerate occasional exposure to dangerous machinery and unprotected heights. The ALJ also found that Plaintiff can frequently use her non-dominant left upper extremity for pushing, pulling, reaching, handling, and fingering. (R. 15). Finally, after considering Plaintiff's RFC, age, education, and past work experience, the ALJ concluded that Plaintiff is capable of performing past relevant work as a bill collector (light). (R. 18). As a result, the ALJ determined that Plaintiff was not under a disability from August 1, 2015, through December 31, 2020, which was her last day insured. (R. 19).

Plaintiff requested and was denied review by the Appeals Council. (R. 1-4, 179-82). On July 26, 2023, Plaintiff initiated an action in this Court challenging the Commissioner's decision. (Compl., DN 1); *see* 42 U.S.C. § 405(g). Upon referral, the Magistrate Judge issued a Report and Recommendation ("R. & R.") that the ALJ's decision should be affirmed. (R. & R. 15). Plaintiff timely objected, and the Commissioner responded to the objection. (Pl.'s Obj., DN 16; Def.'s Resp. Pl.'s Obj., DN 17).

## II.     JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.     STANDARD OF REVIEW

The Federal Magistrates Act allows the designation of magistrate judges to issue "proposed findings of fact and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). Following the filing of the recommendation, each party may object within fourteen days. *See id.* § 636(b)(1). The objected parts of the report are reviewed by the district judge, who is free to accept, reject, or modify any findings or recommendations *de novo*. *See id.*; *see* Fed. R. Civ. P. 72(b). This differs from the standard for the ALJ's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's

decision. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. DISCUSSION

### A. Plaintiff's Objection No. 1

In her first objection, Plaintiff asserts that the R. & R. erroneously concluded the ALJ's failure to expressly discuss the supportability factor for Dr. Timothy Gregg ("Dr. Gregg"), who conducted a review of the record for the state agency, was a harmless error and that ALJ's analysis of the evidence satisfied the goals of the applicable social security regulations. (Pl.'s Obj. 1-3). The Commissioner opposes the objection. (Def.'s Resp. Pl.'s Obj. 1-5).

Contrary to Plaintiff's contention and as the R. & R. noted, the ALJ did not reject the environmental limitation imposed by Dr Gregg. (R. & R. 19 (citing R. 17). Instead, the ALJ did not adopt his opinions verbatim but explained how Dr. Gregg's opinions were considered, as explained by the Magistrate Judge and as discussed below. (R. & R. 19 (citing R. 15). The basis for this objection is unsupported by the record.

Plaintiff asserts that the R. & R. erroneously found the ALJ's articulation error was harmless error. (Pl.'s Obj. 2). Noting that the Sixth Circuit has not yet formulated a harmless error test for procedural violations of Section 404.1520c(b)(2), the Magistrate Judge applied the harmless error test established by the Sixth Circuit for Section 404.1527(c) in *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011). (R. & R. 16). Under that test, a violation is harmless if:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527[c](2) . . . even though she has not complied with the terms of the regulation.

*Cole*, 661 F.3d at 940 (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010)).

4

The Magistrate Judge then considered the third scenario in analyzing whether the ALJ's decision here met the goal of the regulation even though the ALJ failed to comply with the terms of the regulation. (R. & R. 17-20). Having determined that the goal had been met, the Magistrate Judge explained:

> First, the ALJ's holistic review of the medical evidence of record in substance served as an assessment of the supportability of Dr. Gregg's prior administrative medical findings. Next, in the context of discussing why Dr. Fister's prior administrative findings were not persuasive, the ALJ cited medical evidence—treatment for CAD with stenting, DJD of the left shoulder, and DDD of the cervical spine—that did not support Dr. Fister's medium exertional level RFC finding. Conversely, this very medical evidence supported Dr. Gregg's light exertional level RFC finding. Additionally, Plaintiff's treatment for DJD of the left shoulder supported the ALJ's inclusion of the limitation "no more than frequent use her non-dominant left upper extremity for pushing, pulling, reaching, handling, and fingering to account for her left shoulder impairment." Moreover, the goal of § 404.1520c(b)(2) was met because the ALJ expressly found Dr. Gregg's opinions "persuasive," and formulated an RFC in line with Dr. Gregg's opinions.

(R. & R. 18-19 (internal citations omitted) (citation omitted). While Plaintiff disagrees, the R. & R. is well-reasoned, and the objection is overruled on this basis.

Plaintiff also misconstrues how the Magistrate Judge applied this Court's decision in *Bryson v. Commissioner of Social Security*, No. 3:20-CV-667-CHB, 2022 WL 945318 (W.D. Ky. Mar. 29, 2022). (Pl.'s Obj. 2-3). As this Court noted in *Bryson*, "an ALJ need not adopt a medical opinion verbatim, even if he found it persuasive." *Bryson*, 2022 WL 945318, at *4 (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *Green v. Comm'r of Soc. Sec.*, No. 2:20-CV-232, 2020 WL 4877187, at *6 (S.D. Ohio Aug. 20, 2020)). The R. & R. expressly notes that the ALJ did not reject Dr. Gregg's environmental limitation, and the Magistrate Judge explained the ALJ used different terminology than Dr. Gregg when incorporating the limitation in the RFC determination. (R. & R. 19-20). The objection is overruled for this reason.

Finally, Plaintiff contends the ALJ erred in finding that she "*can handle occasional exposure* and declined to adopt Dr. Gregg's opinion that Plaintiff *must avoid even moderate exposure to hazards such as machinery.*" (Pl.'s Obj. 3 (citing R. 15, 73-74)). She notes that her past work involved operation of office machinery, and checking automotive equipment and oil levels. (Pl.'s Obj. 3 (citing R. 37-38)). The Commissioner's response notes that Plaintiff's argument is premised upon two different past jobs—bill collector and bus driver. (Def.'s Resp. Pl.'s Obj. 4 (citing Pl.'s Obj. 3; R. 36-38). The ALJ, however, reasoned:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform the position of a bill collector as generally performed but not the position of a bus driver. The vocational expert testified to the same and based her testimony on the DOT and her experience.

(R. 19). During the hearing, Plaintiff testified that she had worked as a bill collector, and the ALJ found that she was capable of performing this work as generally performed through the date last insured. (R. 18, 36-37). Thus, because the record reflects that ALJ's analysis at step four was supported by the record and the ALJ's finding was not erroneous, Plaintiff's objection is overruled.

### B.   Plaintiff's Objection No. 2

In her second objection, Plaintiff generally criticizes the R. & R. but discusses the ALJ's analysis at length. (Pl.'s Obj. 3-4). She contends that "[t]he ALJ's analysis of Plaintiff's subjective allegations is inadequate, and the finding of affirmation recommended by the U.S. Magistrate Judge here may not be properly adopted. (Pl.'s Obj. 4). The Commissioner contends that this objection "fails to assert any error by the Magistrate Judge and does not constitute a proper objection. (Def.'s Resp. Pl.'s Obj. 5 (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991))).

6

In the R. & R., the Magistrate Judge specifically addressed Plaintiff's argument as follows:

> [] [T]here is no merit to Plaintiff's contention that the ALJ failed to comply with 20 C.F.R. § 404.1529 in his analysis of Plaintiff's subjective allegations of limited use of her left arm, restrictions in use of both wrists, difficulty lifting, and problems standing for very long. In assessing Plaintiff's RFC, the ALJ considered her subjective allegations and made findings (Tr. 15-18). *See* 20 C.F.R. § 404.1529; Social Security Ruling 16-3p. Plaintiff's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. *See* 20 C.F.R. § 404.1529(a). In determining whether Plaintiff suffered from debilitating pain and other symptoms, the ALJ appropriately applied a two-part test. *See Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ first examined whether there was objective medical evidence of the underlying medical conditions (*Id.*). Having found that there was, the ALJ determined that the objectively established medical conditions were not of such severity that they can reasonably be expected to produce the alleged disabling pain and other symptoms. *Id.* As the reported pain and other symptoms suggested impairments of greater severity than can be shown by the objective medical evidence, the ALJ considered other information and factors that may be relevant to the degree of pain and other symptoms alleged. *See* 20 C.F.R. § 404.1529(c)(3).
>
> For example, the ALJ considered Plaintiff's level of daily activity as a factor in determining the extent to which Plaintiff's reported pain and other symptoms are of disabling severity (*Id.*). *See* 20 C.F.R. § 404.1529(c)(3)(i); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *Blacha v. Sec'y of Health & Hum. Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Additionally, the ALJ considered whether there were any inconsistencies in the evidence, like reporting to her treating source that she was very active working on her nine-acre farm and gardening, and the extent to which there were any conflicts between Plaintiff's statements and the rest of the evidence of record (Tr. 17-18).
>
> The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain and other symptoms to the extent she testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to assess the degree to which Plaintiff suffers from the pain and other symptoms. Since tolerance of pain and other symptoms is a highly individualized matter, the conclusion of the ALJ, who had the opportunity to observe Plaintiff's demeanor, "should not be discarded lightly." *Houston v. Sec'y of Health & Hum. Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (citing *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings are supported by substantial evidence and fully comport with applicable law. *See* 20 C.F.R. § 404.1529.

(R. & R. 20-21). The Court agrees with the Commissioner that Plaintiff has failed to directly address any specific error in the R. & R. or raise a proper objection to this issue because she fails to identify any evidence that the Magistrate Judge failed to consider or any error of law contained with the R. & R. *See* 28 U.S.C. § 636(b)(1). Without any specific objection to the R. & R., this Court's "attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless. The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks." *Howard*, 932 F.2d at 509. As the Sixth Circuit has noted, "[t]his duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

Nevertheless, based on the Court's review, the Magistrate Judge did not err in concluding that the ALJ's findings were supported by substantial evidence and consistent with 20 C.F.R. § 404.1529. For these reasons, Plaintiff's second objection is also overruled.

## V. CONCLUSION

For foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (DN 15) is **ADOPTED**, Plaintiff's Objection (DN 16) is **OVERRULED**, and the decision of the Commissioner is **AFFIRMED**. Judgment shall be entered in favor of the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

July 30, 2024

cc: counsel of record